THE STATE v. CHARLES D. MANDEVILLE.

Submitted July 1, 1915—Decided January 3, 1916.

1. While a motion to quash an indictment is addressed to the discretion of the court, as a general rule, and is not reviewable on error, it would seem that this rule is not applied when the motion is based on the failure of the indictment to charge a crime, and the alleged error appears on the face of the record.
2. An indictment, found under the one hundred and nineteenth section of the Crimes act (which makes it a high misdemeanor for any person maliciously or without lawful justification, with intent to cause or procure the miscarriage of a woman pregnant with child, to administer to her, prescribe for her, or advise or ·direct her to take or swallow any poison, drug or medicine, or noxious

thing), specified the particular drugs advised to be taken. *Held,* that the absence or presence of an averment that the drugs were of a noxious nature was immaterial.

3. The rule which requires the rejection of proof of independent crimes committed by a defendant, entirely unconnected with that for which he is being tried, has no application where the particular act sought to be proved is one of a series of acts done in aid of the purpose attempted to be accomplished by the commission of the specific offence charged against the defendant.

4. The question whether a witness has the necessary special experience to qualify him to give opinion evidence is one of fact for the trial court to determine, and its decision will not be interfered with if the testimony fairly supports it, even under the broad power of review given by the one hundred and thirty-sixth section of the Criminal Procedure act.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *Frank E. Bradner.*

For the state, *Frederick F. Guild,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was indicted and convicted under the one hundred and nineteenth section of the Crimes act (*Comp. Stat., p.* 1784) which provides that "any person who maliciously, or without lawful justification, with intent to cause or procure the miscarriage of a woman then pregnant with child, shall administer to her, prescribe for her, or advise or direct her to take or swallow any poison, drug or medicine, or noxious thing, or who maliciously or without lawful justification shall use any instrument or means whatever with the like intent, shall be guilty of a high misdemeanor." He now seeks to reverse his conviction for alleged errors occurring during the trial. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act. *Comp. Stat., p.* 1863.

The first ground upon which he seeks a reversal is that the indictment, as he alleges, does not charge a criminal offence, and that his motion to quash it for this reason was erroneously refused. A motion to quash, as a general rule, is addressed to the discretion of the court, and is not reviewable on writ of error. *State* v. *Siciliano*, 85 *N. J. L.* 389. It would seem, however, that the rule is not applied when the motion is rested upon the failure of the indictment to charge a crime and the alleged error appears upon the face of the record. *Mayer* v. *State*, 63 *N. J. L.* 35; *S. C. on error*, 64 *Id.* 323. The motion in the present case being within the exception to the rule apparently indicated by the case last cited, we proceed to consider the validity of the ground upon which it was rested.

The indictment contains two counts. The averment of the first is that the defendant "with intent to cause and procure the miscarriage of one Goldie Smith, then pregnant with child, did direct the said Goldie Smith to take divers drugs, to wit, ergotine, cotton root extract, oil and extract of savin, contained in divers pills, known as emmenagogue pills." The averment of the second count is like that of the first, except that it charges the defendant with advising the woman to take the specified drugs. The contention in support of the motion to quash was that the indictment does not charge a criminal offence in either count, because it nowhere alleges that the drugs directed or advised to be taken were any of them, either separately or when mingled together, noxious in character. If the indictment had charged the defendant with directing or advising the woman to take a drug, the identity of which was unknown to the grand jury, but had failed to aver that the drug was noxious in character, the contention of counsel for the defendant would have been entirely sound; for, unless the drug was noxious, there was no violation of the statute (*State* v. *Gedicke*, 43 *N. J. L.* 86); and, in the absence of such an averment, the law will not presume that the drug directed or advised to be taken was of the character struck at by the statute. But where the indictment specifies the particular drug, or combination of drugs advised to be taken, the absence or presence of an averment that it or they are of a

noxious nature is entirely immaterial. If such be the fact, the averment is unnecessary; if the fact be otherwise, the averment will be unavailing. *Breese* v. *Trenton Horse Railroad Co.,* 52 *Id.* 250, 252; *Millville Gas Light Co.* v. *Sweeten,* 75 *Id.* 23. The attack upon the form of indictment, therefore, was without legal substance, and the motion to quash was properly denied.

The next ground upon which the defendant seeks a reversal of the conviction is that the court erroneously permitted the state to prove, over objection, that on the occasion of the woman's third visit to him (he having twice before given her the pills), he used needles upon her for the purpose of opening the mouth of the womb. The testimony is considered by him to be objectionable because it tends to prove an independent crime not charged in the indictment, the statute making either the prescribing of drugs, or the use of instruments, for the purpose of bringing on a miscarriage, criminal. But the fact that the testimony has the tendency attributed to it does not necessarily render it incompetent. The rule which requires the rejection of proof of independent crimes committed by a defendant, entirely unconnected with that for which he is being tried, has no application where the offence sought to be proved, although not specified in the indictment, is one of a series of acts each and every of which is done in aid of the purpose sought to be accomplished by the commission of the specific offence with which the defendant is charged. Evidence of acts done by the defendant which have this relation to the particular offence laid against him by the grand jury is competent, notwithstanding that each of them might also be made the subject of an independent criminal prosecution. *State* v. *Deliso,* 75 *N. J. L.* 808. The testimony objected to was of this character, and was properly admitted.

It is next urged as a ground of reversal that the trial court erroneously permitted one Edel, an analytical chemist, to testify as to the component parts of the pills which had been given by the defendant to Goldie Smith, some of which had not been taken by her, and had come into the hands of the state. The testimony was objected to upon the ground that

the witness had failed to qualify as an expert with relation to the subject-matter concerning which he was interrogated. He was examined and cross-examined as to his experience in making analyses of drugs, and his evidence upon this point satisfied the trial court that he was qualified to give expert testimony upon that subject. It is entirely unnecessary at this day to point out that the question whether a given witness has the necessary special experience to qualify him to give opinion evidence is one of fact for the determination of the trial court; and that the decision of that court upon the matter will not be interfered with, even under the broad review provided by the one hundred and thirty-sixth section of the Criminal Procedure act, if the testimony fairly supports it. The cases upon this subject are collated in *State* v. *Arthur,* 70 *N. J. L.* 425. In the present case, the evidence fully justified the conclusion of the trial court that the witness Edel had the requisite experience to qualify him.

It is alleged, as a further ground of reversal, that it was incompetent to permit the state to prove by one of its expert medical witnesses that the administration to a pregnant woman of ergot, cotton root and oil of savin, in combination, if given in sufficient quantities, would tend to produce a miscarriage; the basis of the contention being that the indictment failed to aver that those drugs, either separately or in combination, were "noxious" in character. What we have already stated, in disposing of the attack upon the form of the indictment is also dispositive of this ground of reversal. It may be added that, whatever may be the form of the indictment, the burden rests upon the state of proving, as a part of its case, that the drugs advised or directed to be taken are, in fact, noxious in character; and that proof that their administration to a pregnant woman in sufficient quantity tends to produce a miscarriage, is evidence of their noxiousness.

It is contended further that it was error to permit this same witness to testify that certain symptoms, which the defendant while on the stand as a witness had stated that he had discovered when making a physical examination of the woman, were indicative of pregnancy in the patient. The

situation was this: The defendant, according to his own story, had been practicing medicine for about twenty-five years at the time the woman came to his office, making a specialty of the treatment of nervous and venereal diseases. Having testified to the making of the physical examination of the woman, and as to the symptoms which he then discovered, he stated that he had diagnosed her trouble as gonorrhœa, and had treated her for that disease; denying positively that he had given her any drug for the purpose of bringing on a miscarriage. It was the right of the state to discredit the defendant's testimony by showing that the symptoms described by him would not justify a diagnosis of gonorrhœa, thus casting doubt upon the truth of his testimony as to what his diagnosis was and the character of his treatment. The testimony objected to was manifestly introduced by the state for the purpose of thus discrediting the defendant. It had a tendency to produce this result, and, so, was competent. That such tendency was slight cannot be said to have rendered it immaterial. The objection to its admission, therefore, was properly overruled.

Again, it is urged that the trial court should have directed a verdict of acquittal at the close of the case, upon the motion of the defendant, upon the ground that there was a failure of proof that the drugs advised or directed to be taken were sufficient in quantity to be noxious—that is, as we understand the argument, to produce a miscarriage. But no such proof was necessary in order to support a conviction under the indictment. The specified drugs were shown to be noxious, in that when administered in sufficient quantities to a pregnant woman they were likely to produce a miscarriage. If they were prescribed for the purpose of producing that result, the fact that they failed of that purpose, because through ignorance or through inadvertence not given in large enough doses, does not relieve the offender from the condemnation declared against him by the statute. *State* v. *Gedicke, supra.* The defendant was, therefore, not entitled to prevail on his motion to direct a verdict of acquittal.

Counsel for defendant produced in court certain vials, the labels upon which stated that they contained emmenagogue pills, and specified the ingredients which went into their composition. Having proved that the parties who manufactured these pills were well known and reputable chemists, counsel then offered the labels in evidence for the purpose of proving that the emmenagogue pills put up by these manufacturers contained ingredients not found by the state's expert chemist. in his analysis of those supplied by the defendant to Goldie Smith. The offer was overruled, and counsel now asserts before us that the exclusion of the labels was harmful error. Why he so considers it we are not advised, as he contents himself with the mere statement in his brief that "the evidence was competent to show the formula of pills in the market known as emmenagogue pills, and it was error to exclude it." The disposition of this ground of reversal may be made with almost equal brevity. There was nothing to show the authorship of the labels; nothing to show that the authors had any personal knowledge of the component parts of the pills contained in the vials; nothing to show (assuming that they had such knowledge) that they truthfully stated those components in their formulas. The labels, therefore, had no evidential value for the purpose for which they were offered and were properly excluded.

Other grounds for reversal are directed at the charge to the jury, and at the refusal to charge certain requests submitted on behalf of the defendant. We have examined them all, and find none which seem to us to be of sufficient importance to merit separate discussion. They may be disposed of by the statement that, as to alleged errors of law appearing in the charge, they are without merit; as to the alleged misrecitals of evidence the inaccuracies were harmless; and that as to the refusals to charge as requested, such of the matters contained in the requests as the defendant was entitled to have submitted to the jury were, in fact, charged in substance.

We conclude, therefore, that for none of the reasons specified in the grounds for reversal should the conviction under review be disturbed.